IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:05-cv-294-DRH |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the Emergency Motion for Protective Order to Stay Discovery filed by the Defendant, the United States Postal Service, on August 19, 2005 (Doc. 12) and the Motion to Strike filed by the Plaintiff, Michael Reid, on August 22, 2005 (Doc. 13). For the reasons set forth below, the Motion for Protective Order is **GRANTED** and the Motion to Strike is **DENIED**.

BACKGROUND

On April 22, 2005, the Plaintiff, Michael Reid, filed a complaint in which he alleged that the Defendant, the United States Postal Service, violated the Freedom of Information Act (FOIA) by failing to provided documents that he had requested on January 12, 2005. The complaint does not indicate the types of documents that the Plaintiff requested; however, the Plaintiff's discovery requests, attached to the Defendant's motion, reveal that he seeks documents related to political mailings. On July 26 and 27, 2005, the Plaintiff served these discovery requests including Requests to Admit, Interrogatories, and Requests for Production of Documents. The Requests to Admit concern a permit number 135, a Postal Service Form 1412, and an admission that no privilege governs the production of the documents, among other things. The

1

Interrogatories seek to explore the Defendant's reasoning for withholding the requested documents and the Request for Production of Documents seeks exemplars of the forms that the Plaintiff sought in his FOIA request, documents relied on by the Defendant in answering the discovery requests, and correspondence between the Defendant and TC Marketing.

On September 8, 2005, this Court conducting a hearing on these motions.  The parties presented argument regarding the availability of discovery in FOIA cases.  The Plaintiff argued that discovery was necessary in order for him to prosecute his case and to respond to any motion for summary judgment that the Defendant may file.  Additionally, the Plaintiff argued that Requests for Admissions are not discovery requests.  In response, the Defendant asserted that discovery is generally not allowed in FOIA cases and, to the extent that such discovery is allowed, it must follow the filing of the motion for summary judgment.

## DISCUSSION

Federal Rule of Civil Procedure 26(b) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  The material that the Plaintiff seeks appears to be relevant to his claim that the Postal Service improperly withheld documents.  The Defendant does not challenge this conclusion.  However, the Defendant does assert that discovery in this Freedom of Information Act, 5 U.S.C. §552, case is unique as discovery generally is not permitted until the Defendant has filed a Vaughn Index along with its motion for summary judgment.  The Vaughn Index is usually an affidavit from the Defendant detailing the steps taken in responding to the Plaintiff's FOIA request.  Thus, the Defendant asserts that it is entitled, for good cause shown, to a protective order pursuant to Rule 26(c).

FOIA provides that a person may file suit in order to challenge the improper withholding of agency documents.

> In such a case the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action. Id.

The statute thus specifically allows for the Court to conduct an *in camera* inspection of documents responsive to a FOIA request that are withheld based on a privilege. In considering such lawsuits, a number of federal courts have discussed the propriety of allowing discovery prior to the filing of a motion for summary judgment. Recently, the Tenth Circuit Court of Appeals has stated that:

> Affidavits submitted by an agency [in support of a motion for summary judgment] are accorded a presumption of good faith; accordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face. When this is the case, the district court may forgo discovery and award summary judgment on the basis of affidavits. In order to justify discovery once the agency has satisfied its burden, the plaintiff must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate.
>
> Liverman v. Office of Inspector General, 2005 WL 1649241, *3 (10th Cir. 2005) (quotation marks and citations omitted).

This conclusion and procedure was directly quoted from a Second Circuit Court of Appeals case, Carney v. United States Department of Justice, 19 F.3d 807, 812–813 (2nd Cir. 1994); See also Simmons v. United States Department of Justice, 796 F.2d 709, 711-712 (4th Cir. 1986) (noting

3

that "the district court has the discretion to limit discovery in FOIA cases and to enter summary judgment on the basis of agency affidavits in a proper case"); Allen v. United States Secret Service, 335 F.Supp.2d 95, 99 (D.D.C. 2004) ("It is well-settled in a FOIA action, the court must deny discovery when the affidavits are sufficiently detailed and submitted in good faith . . . ." (citation omitted)). Each case follows the same procedure in FOIA cases: the Defendant files a motion for summary judgment and only thereafter is discovery permissible.

It would appear, then, that the Plaintiff may not seek discovery prior to the filing of a motion for summary judgment and thereafter only if he makes a showing of bad faith or provides other tangible evidence. In response to this case law, the Plaintiff first argues that Requests to Admit are not discovery at all and points to National Semiconductor Corp. v. Ramtron International Corp., 265 F.Supp.2d 71, 74 (D.D.C. 2003), in which the Court stated that "Requests to Admit are not a discovery device []." This is not the conclusion, however, in precedent that controls this Court. In Laborers' Pension Fund v. Blackmore Sewer Construction, Inc., 298 F.3d 600 (7th Cir. 2002), the Seventh Circuit Court of Appeals did not specifically decide that Requests to Admit were not discovery but stated that "[w]e note for future consideration that Rule 29 seems to contemplate that requests for admission are a discovery device." Id. at 606 n.2. It should also be noted that while requests are not generally used to discover new evidence, Rule 36 is within the section of the Federal Rules governing "Depositions and Discovery." In addition, in enforcing Rule 36 this Court would impose the same sanctions, pursuant to Rule 37, that are available for other discovery abuses. Finally, the timing of Requests to Admit is governed by discovery deadlines imposed by the Court. Therefore, this Court cannot conclude that Requests to Admit are outside of the discovery

limitation in FOIA cases.

Finally, as the Court explained during the hearing, the Plaintiff is not completely foreclosed from seeking discovery in this case. If, after the Defendant files its motion for summary judgment and supporting affidavit, the Plaintiff may still seek discovery through Rule 56(f). The issue here is timing. Case law is clear on the inability to obtain discovery material prior to the filing of a motion for summary judgment. If the Plaintiff were allowed to discover the documents that the Defendant relied on in asserting an exemption, which may be the actual documents requested by the Plaintiff in his FOIA request, it would negate the *de novo* review that the Court would conduct. The cat would be out of the bag: the Plaintiff would have the very documents that were originally denied to him and that formed the basis of this lawsuit. However, if the Plaintiff believes, and makes a showing, that the affidavit(s) provided by the Defendant are defective or otherwise insufficient, he may petition the District Court to conduct whatever discovery he believes is necessary.[1] To that end, the Defendant is hereby **ORDERED** to file its motion for summary judgment, with the required affidavits, by **October 24, 2005.** As stated in the hearing, no extension of time will be granted to the Defendant in filing its motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Emergency Motion for Protective Order to Stay Discovery filed by the Defendant, United States Postal Service, on August 19, 2005 is **GRANTED** (Doc.

---

[1] This is exactly what occurred in Founding Church of Scientology of Washington, D. C. Inc. v. National Security Agency, 610 F.2d 824, 833-834 (C.A.D.C. 1979). In that case, the Circuit Court explained that a District Court cannot grant summary judgment based upon an insufficient affidavit. Rather the Court must require additional affidavits or discovery on the issues to be decided. Id.

12) and the Motion to Strike filed by the Plaintiff, Michael Reid, on August 22, 2005 is

**DENIED**. The Defendant is to file a Motion for Summary Judgment by **October 24, 2005.**


**DATED: September 9, 2005**

<u>s/ Donald G. Wilkerson</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**
