**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**MICHAEL REID,**

      **Plaintiff,**

**v.**

**UNITED STATES POSTAL SERVICE,**

      **Defendant.**                     **Case No. 05-294-DRH**

**<u>MEMORANDUM & ORDER</u>**

**HERNDON, District Judge:**

## I.  <u>INTRODUCTION</u>

Now before the Court is Plaintiff's Appeal (Doc. 20) of Magistrate Judge Wilkerson's Order (Doc. 19), which granted Defendant's Emergency Motion for Protective Order to Stay Discovery (Doc. 16) and denied Plaintiff's Motion to Strike Defendant's motion (Doc. 13).  For the following reasons, the Court **AFFIRMS** the Order granting Defendant's Emergency Motion for Protective Order to Stay Discovery and denying Plaintiff's Motion to Strike.

## II.  <u>FACTUAL BACKGROUND</u>

Plaintiff Michael Reid filed his Complaint against defendant United States Postal Service , alleging a violation of the Freedom of Information Act[1] ("FOIA") for Defendant's failure to provide certain documents related to political mailings,

---

[1] *See* **5 U.S.C. § 552.**

requested by Plaintiff under FOIA. (Doc. 1.) In its Answer, Defendant plead that the documents sought by Plaintiff were exempt from FOIA's disclosure requirements and also stated that the permit holder of these requested documents objected to the release of the holder's postage statements. Subsequent to receiving Plaintiff's requests for admission, interrogatories and requests to produce, Defendant filed an Emergency Motion for Protective Order to Stay Discovery. (Doc. 12.)

Plaintiff moved to strike Defendant's emergency motion, claiming that his discovery requests were necessary in order to further prosecute this case and also to adequately respond to any dispositive motion that Defendant may file. (Doc. 13.) Defendant, in turn, opposed Plaintiff's Motion to Strike, stating that discovery is generally not permitted in a FOIA case prior to Defendant's filing of a summary judgment motion coupled with what is known as a "Vaughn Index." (Doc. 15.) Magistrate Judge Wilkerson conducted a hearing on these motions to allow the parties to present their arguments regarding the availability of discovery in FOIA cases.

## III. DISCUSSION

### A. Legal Standard of Review of Magistrate Judge's Order

Both the Federal Rules of Civil Procedure and the local rules of this Court provide for a federal district judge to review the order of a Magistrate Judge on appeal made by a party to the case.

**Local Rule 73.1(a)** provides:

**(a)    Appeal of Non-Dispositive Matters
        (28 U.S.C. § 636(b)(1)(A))**
        Any party may appeal a Magistrate Judge's order
        determining a motion or matter within ten (10) days
        after issuance of the Magistrate Judge's order,
        unless a different time is prescribed by the
        Magistrate Judge or a District Judge.  Such party
        shall file with the Clerk of the Court, and serve on
        the Magistrate Judge and all parties, a written
        request for appeal which shall specifically designate
        the order, or part thereof, that the parties wish the
        Court to reconsider.  A District Judge of the Court
        shall reconsider the matter and set aside any
        portion of the Magistrate Judge's order found to be
        clearly erroneous or contrary to law.  The District
        Judge may also reconsider *sua sponte* any matter
        determined by a Magistrate Judge under this rule.

Also, under **FEDERAL RULE OF CIVIL PROCEDURE 72(a)**, the Court may

modify or reverse a decision of a magistrate judge on a nondispositive issue upon a

showing that the magistrate judge's decision is "clearly erroneous or contrary to the

law."  A finding is clearly erroneous when "the reviewing court on the entire evidence

is left with the definite and firm conviction that a mistake has been committed."

***Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)(quoting *United States***

***v. United States Gypsum Co.*, 333 U.S. 364 395 (1948))**.  In applying the clearly

erroneous standard of review, if two permissible views exists, the reviewing court

may not reverse the lower court's decision merely because the reviewing court

interpreted the evidence differently and thereby would have chosen the other view."

***Central States, Southeast & Southwest Area Pension Fund v.* Neiman, 285**

F.3d 587, 594 (7th Cir. 2002) (citing *Anderson v. City of Bessemer*, 470 U.S. 564, 573-74 (1985)).

**B.    Determining Whether Magistrate Judge's Order Was Clearly Erroneous**

In his Order, Magistrate Judge Wilkerson noted that, in FOIA cases, federal precedent allows a district court discretion to limit discovery prior to Defendant's filing of a motion for summary judgment.  (Doc. 19, pp. 3-4, *citing* **Simmons v. United States Dept. of Justice**, 796 F.2d 709, 711-12 (4th Cir. 1986); **Carney v. United States Dept. of Justice**, 19 F.3d 807, 812-13 (2d Cir. 1994); **Allen v. United States Secret Service**, 335 F. Supp. 2d 95, 99 (D.D.C. 2004); **Liverman v. Office of Inspector General**, 139 Fed. Appx. 942, 945 (10th Cir. 2005).)  Judge Wilkerson also cited federal case law for the proposition that in an FOIA case, the defendant agency may file a summary judgment motion to demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents requested by the plaintiff.  (*Id.*, *citing* **Liverman**, **139 Fed. Appx. at 945**.)  This summary judgment motion must be supported by an affidavit, which is presumed by a federal district court to have been made in good faith.  ***Id.*** Therefore, when the defendant agency's submissions appear adequate from the face of the summary judgment pleadings, the district court can elect to award summary judgment to defendant agency, without need for discovery.  ***Id.***

However, Judge Wilkerson also noted that federal case law allowed for a plaintiff to make a requisite showing of bad faith on the part of the defendant

agency regarding the veracity of the Vaughn Affidavit, or to provide some tangible evidence that a FOIA exemption claimed by the defendant agency was inapplicable, in order to oppose summary judgment and justify the need for conducting discovery. *Id.* In fact, Judge Wilkerson also pointed out that under the FOIA, a federal district court may conduct an *in camera* inspection of documents responsive to plaintiff's FOIA requests withheld by the defendant agency due to a claimed privilege or exemption, which further negates the need for discovery prior to defendant filing a motion for summary judgment. (Doc. 19, p. 3.)

In examining the relevant case and statutory law, the Court finds that Judge Wilkerson's order granting Defendant's Emergency Motion for Protective Order to Stay Discovery and denying Plaintiff's Motion to Strike was not clearly erroneous or contrary to law, but rather, was in accordance with the law. The Court agrees with Judge Wilkerson when he stated:

> "If the Plaintiff were allowed to discover the documents that the Defendant relied on in asserting an exemption, which may be the actual documents requested by the Plaintiff in his FOIA request, it would negate the *de novo* review that the Court would conduct. The cat would be out of the bag: the Plaintiff would have the very documents that were originally denied to him and that formed the basis of the lawsuit."

(Doc. 19, p. 5.)

Moreover, the Court finds this matter to currently be somewhat moot – Defendant has since filed its motion for summary judgment and supporting Vaughn Affidavit. (Docs. 21-22.) Although Plaintiff has filed his "Preliminary Response" to

Defendant's summary judgment motion (Doc. 23) and also a Rule 56(f) Motion for Discovery to be Conducted Prior to Ruling on Motion for Summary Judgment (Doc. 24), he has neglected to do as suggested by Magistrate Judge Wilkerson and federal case law.  In other words, in order to overcome the legal presumption of good faith accorded to an agency's Vaughn Affidavit, Plaintiff must fashion his Response to Defendant' Motion for Summary Judgment to demonstrate bad faith on the part of the Defendant and/or why Defendant's claimed exemptions and other reasons for denying Plaintiff's FOIA request are inapplicable in this case.

## IV.  CONCLUSION

For the reasons explained above, the Court hereby **AFFIRMS** the ruling of the Magistrate Judge's Order of September 12, 2005.  Whether Plaintiff shall be authorized to conduct limited discovery pursuant to **Rule 56(f)** of the **Federal Rules of Civil Procedure**, so that he may Respond to Defendant's Motion for Summary Judgment, will be determined by this Court at a later date.

**IT IS SO ORDERED.**

**Signed this 19th day of December, 2005.**

/s/          David RHerndon

**United States District Judge**