IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL REID,**

    **Plaintiff,**

**v.**

**UNITED STATES POSTAL SERVICE,**

    **Defendant.**                                                **Case No. 05-cv-294-DRH**

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

On March 15, 2007, the Court issued an Order (Doc. 38), granting in part and denying in part Plaintiff's Motion for Reconsideration (Doc. 31) of the Court's July 5, 2006 Order (Doc. 29), which granted Defendant's Motion for Summary Judgment (Doc. 21). Essentially, Plaintiff now moves for partial summary judgment (Doc. 39) in his favor with regard to the items the Court found were non-exempt from the FOIA disclosure requirements, asking the Court to order Defendant to produce the documents at issue to Plaintiff, in care of his attorney, as stated in the Court's March 15, 2007 Order.[1] Defendant opposes either a grant of partial or full summary judgment in Plaintiff's favor, incorporating by reference its previous briefs

---

[1] For the record, Plaintiff additionally maintains his view that "he is entitled to more" and has also requested summary judgment in his favor, *in toto* (Doc. 39, p. 2).

opposing Plaintiff's Motion for Summary Judgment and Plaintiff's Motion to Alter or Amend Judgment.

Neither party makes substantive legal arguments in this regard and truly, Plaintiff's request for partial summary judgment is merely a technicality following the Court's March 15, 2007 Order, altering its prior grant of summary judgment in favor of Defendant to exclude certain items from responsive PS Form 3602's found to be non-exempt from the FOIA disclosure requirements. Thus, Plaintiff's Motion for Partial Summary Judgment (Doc. 39) is **GRANTED**. Defendant is hereby **ORDERED** to produce the responsive PS Form 3602's to Plaintiff, by way of his counsel, redacting all FOIA exempt portions except for the following items, which the Court has found to be non-exempt:

1. The name, address and telephone number for the holder of Permit 135, found in the first subsection of Section 1;

2. "Post Office of Mailing" and "Permit #" subsections of Section 2;

3. The signature, printed name and telephone number subsections of Section 4, but only if *clearly* indicated that Section 4 completed by holder of Permit 135, and not one of its agents. (If Defendant has good faith belief the certifying party is an agent of holder of Permit 135, the Court's previous ruling, finding such information exempt, shall stand); and

4. The "Verifying Employee's Signature" and "Print Verifying Employee's Name" subsections of Section 5.

The Court hereby denies Plaintiff any and all other further relief, including his request for summary judgment *in toto*.

**IT IS SO ORDERED**.

Signed this 24th day of October, 2007.

/s/     DavidRHerndon
**Chief Judge**
**United States District Court**